UNITED STATES of America, Plaintiff—Appellee,

v.

Shane Jacob WOODCOOK, Defendant—Appellant.

No. 05–30252.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2006.

Decided Feb. 21, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**694**

Carl E. Rostad, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Evangelo Arvanetes, Esq., Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: LEAVY, RYMER and FISHER, Circuit Judges.

## MEMORANDUM *

Shane Jacob Woodcook appeals the district court's enhancement of his sentence following his guilty plea conviction for interstate transportation of a stolen motor vehicle, 18 U.S.C. § 2312, theft of identity, 18 U.S.C. § 1028(a)(7), and interstate transportation of stolen property, 18 U.S.C. § 2314. Because the parties are familiar with the facts, we do not recite them in detail.

We vacate Woodcook's sentence and remand for resentencing. The district court clearly erred in enhancing Woodcook's advisory sentence for reckless endangerment pursuant to U.S.S.G. § 3C1.2, because its finding of risk of endangerment was without factual basis, leaving one with "a definite and firm conviction that a mistake has been committed." *Easley v. Cromartie,* 532 U.S. 234, 242, 121 S.Ct. 1452, 149 L.Ed.2d 430 (2001).

Section 3C1.2 advises that the district court increase a Guideline recommendation by two levels "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." The record and findings in this case do not establish a "substantial risk of death or serious bodily injury," nor do they establish such risk "to another person." Although the district court found, and the government argued, that Woodcook posed a threat to himself in his flight from law enforcement, the commentary to § 3C1.2 defines "another person" as including "any person, except a participant in the offense who willingly participated in the flight." U.S.S.G. § 3C1.2, cmt. 4. Consequently, Woodcook

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

cannot be "another person" for purposes of the enhancement, even if he put himself at substantial risk of death or seriously bodily injury—which the record in any event fails to establish. "We are not at liberty to ignore the wording of the commentary," and the "[t]he application notes to the Guidelines are exactly that—notes about when a particular Guideline applies and when it does not." *United States v. Allen,* 434 F.3d 1166, 1173 (9th Cir.2006). On this record, there is nothing to indicate that Woodcock created a substantial risk of death or serious bodily injury to another person by driving at an "increased" speed near a mobile home park. There is no evidence of the rate of Woodcook's speed nor of the proximity of other individuals.

Accordingly, we **VACATE** Woodcook's sentence and **REMAND** to the district court with instructions that it resentence him without the § 3C1.2 enhancement.